UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| DEBORAH G. CLARK, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No. 3:16-cv-01340<br>Chief Judge Sharp<br>Magistrate Judge Brown |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) | |

To: The Honorable Kevin H. Sharp, Chief United States District Judge

## REPORT AND RECOMMENDATION

The Plaintiff brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. For the following reasons, the Magistrate Judge **RECOMMENDS** that the Plaintiff's motion for judgment on the administrative record (Doc. 16) be **DENIED** and the Commissioner's decision be **AFFIRMED**.

## I. PROCEDURAL HISTORY

The Plaintiff applied for disability insurance benefits and supplemental security income in 2011. (Doc. 13, pp. 115-116).[1] The SSA denied her applications initially and upon reconsideration. (Doc. 13, pp. 115-116, 123-124). After an administrative hearing (Doc. 13, pp. 37-62), the administrative law judge ("ALJ") issued an unfavorable decision (Doc. 13, pp. 125-144). The Appeals Council vacated the decision and remanded the case to the ALJ. (Doc. 13, pp. 145-149). After conducting a second administrative hearing (Doc. 13, pp. 64-96), the ALJ again

---

[1] Citations to the administrative record are to the Bates stamp at the lower right corner of each page.

1

issued an unfavorable decision (Doc. 13, pp. 10-35). The Appeals Council declined to review the ALJ's decision. (Doc. 13, pp. 1-6).

The Plaintiff then filed a complaint seeking review of the ALJ's decision. (Doc. 1). This case was referred to the undersigned pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(A)-(B). (Doc. 5). Presently pending is the Plaintiff's motion for judgment on the administrative record (Doc. 16) to which the Defendant responded (Doc. 18). No reply was filed. The matter is ripe for resolution.

## II. THE ADMINISTRATIVE RECORD AND DECISION

As the Plaintiff does not question the ALJ's residual functional capacity ("RFC") determination and solely challenges the transferability of her vocational skills, her medical records are not relevant to this Report and Recommendation ("R&R"). While the administrative record (Doc. 13) is incorporated herein by reference, only the portion pertinent to the Plaintiff's claims of error is discussed in detail.

**A. The Administrative Hearing**

During the administrative hearing the vocational expert ("VE") testified that the Plaintiff's clerical skills of typing, data entry, filing, billing, handling mail, taking appointments, and social interaction from her previous job as a medical assistant were transferable to the roles of medical records clerk, medical office receptionist, and hospital admitting clerk. (Doc. 13, pp. 87-88, 92). An individual with the Plaintiff's RFC could perform these three new jobs and a variety of sedentary, unskilled jobs. (Doc. 13, pp. 88-90).

The Plaintiff's prior job as a medical assistant was classified as skilled, light, specific vocational profile ("SVP") 6. (Doc. 13, p. 85). The three new positions were classified as semi-skilled and sedentary. (Doc. 13, pp. 87-88).

The three new jobs existed in significant numbers locally and nationally: medical records clerk—1,800 jobs in Tennessee and 110,000 in the country; medical office receptionist—800 jobs in Tennessee and 52,000 in the country; and hospital admitting clerk—1,300 in Tennessee and 100,000 in the country. (Doc. 13, pp. 87-88).

According to the VE, an individual engaged in clerical and billing practices in the medical field now requires retraining after being absent for a year to eighteen months. (Doc. 13, p. 91). A few years ago, retraining would be required within eight to twelve months. (Doc. 13, p. 91). An individual who has been out of the skilled position for ten years would require substantial retraining concerning procedure codes and software usage. (Doc. 13, p. 91). Disuse of these clerical skills would result in a functional decline over time, but some skills would be retained. (Doc. 13, p. 92). Whereas billing practices have changed quite a bit over time, data entry skills would be retained if the individual could frequently use her upper extremities. (Doc. 13, pp. 92-93).

Though the Plaintiff was fifty-two years old and had a GED education, the VE's testimony concerning transferability did not change. (Doc. 13, p. 96).

**B. The Administrative Decision**

After considering the record and the hearing testimony, the ALJ made the following findings of fact and conclusions of law:

> (1) The claimant meets the insured status requirements of the Social Security Act through September 30, 2013.
>
> (2) The claimant has not engaged in substantial gainful activity since December 8, 2011, the amended alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> (3) The claimant has the following severe impairments: obesity, left ankle sprain with history of fusion, Hepatitis C, chronic obstructive pulmonary disease (COPD), asthma, mood disorder and personality disorder (20 CFR 404.1520(c) and 416.920(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

(5) After careful consideration of the entire record, the undersigned finds that the claimant has the [RFC] to occasionally lift 50 pounds, frequently lift 25 pounds; could stand or walk 2 hours out of an eight hour day, 1 hour without interruption; could sit 7 hours out of an eight hour day, 4 hours without interruption; could continuously reach, handle, finger, feel, push/pull with upper extremities within the weight limits above; could push/pull with the lower extremities with the right side within the weight limits continuously, but not at all with the left lower extremity; could occasionally climb ramps and stairs; could never climb ladders, ropes or scaffolds; could frequently balance and stoop; occasionally kneel, crouch or crawl; could never be around unprotected heights, wetness or humidity, pulmonary irritants or extreme heat or cold; occasional [sic] be exposed to vibration; occasionally be exposed to moving mechanical parts and frequently operate a motor vehicle; can be exposed to loud noise; should not walk on uneven ground; could understand, remember, and carryout and maintain a [sic] concentration and persistence for simple, detailed and complex tasks; can continuously interact and respond appropriately to supervisors, frequently to co-workers, and frequently with the general public; and can adapt to usual work situations and changes in the work setting on a frequent basis.

(6) The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

(7) The claimant was . . . 50 years old, which is defined as an individual closely approaching advanced age, on the amended alleged disability onset date (20 CFR 404.1563 and 416.963).

(8) The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

(9) The claimant has acquired work skills from past relevant work (20 CFR 404.1568 and 416.968).

(10) Considering the claimant's age, education, work experience, and [RFC], the claimant has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy (20 CFR 404.1569, 404.1569(a), 404.1568(d), 416.969, 416.969(a), and 416.968(d)).

(11) The claimant has not been under a disability, as defined in the Social Security Act, from December 8, 2011, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Doc. 13, pp. 15-29) (emphasis omitted).

## III. LEGAL STANDARDS

### A. Standard of Review

This Court's review of the Commissioner's disability determinations is limited to two functions: to decide whether the decision is supported by substantial evidence and to confirm that the Commissioner applied the correct legal standards when making that decision. *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)). The Commissioner's decision is supported by substantial evidence if the contents of the record reasonably support the Commissioner's conclusions. *Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 904 (6th Cir. 2016) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

### B. Administrative Proceedings

The Commissioner uses a five-step process to determine whether an individual is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a), 416.920(a). First, if the claimant is engaged in substantial gainful activity, she is not disabled. *Id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Second, the claimant is not disabled if she does not have a severe medically determinable impairment that meets duration requirements. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Third, the claimant is presumed disabled if she suffers from a listed impairment, or its equivalent, for the proper duration. *Id.* §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). Fourth, the claimant is not disabled if based on her RFC she can perform past relevant work. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). Fifth, if the claimant can adjust to other work based on her RFC, age, education, and work experience, she is not disabled. *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

While the claimant bears the burden of proof through the first four steps, the burden shifts to the Commissioner at step five. *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 651 (6th Cir. 2011) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)). The Commissioner's burden of establishing that the claimant can perform other work may be satisfied through application of the Social Security Medical-Vocational Guidelines ("vocational grids") found at 20 C.F.R. Part 404, Subpart P, Appendix 2. 20 C.F.R. §§ 404.1569, 416.969; *see also Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) (citing *Abbott v. Sullivan*, 905 F.2d 918, 926 (6th Cir. 1990)). The vocational grids are based on the claimant's strength limitations. *Abbott*, 905 F.2d at 926 (quoting 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(e)).

Where the claimant cannot perform a full range of work or her RFC is between ranges of work, the ALJ uses the vocational grids as an analytical framework and must consider the erosion of the occupational base. 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(d); SSR 83-12, 1983 WL 31253, at *2 (S.S.A. Jan. 1, 1983); *see also Branon v. Comm'r of Soc. Sec.*, 539 F. App'x 675, 679-80 (6th Cir. 2013); *Anderson v. Comm'r of Soc. Sec.*, 406 F. App'x 32, 35 (6th Cir. 2010). If the extent of the erosion is unclear, the ALJ must consult a vocational resource, such as a VE. SSR 83-12, 1983 WL 31253, at *2. The ALJ may rely on the VE's testimony so long as the hypothetical presented to the VE accurately describes the claimant's RFC. *Branon*, 539 F. App'x at 680; *Anderson*, 406 F. App'x at 35 (citing *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994)); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 857 (6th Cir. 2010) (citations omitted).

Additionally, where a claimant has both exertional and nonexertional limitations, and the exertional limitations do not independently establish disability, the vocational grids are only used as a framework for evaluating the claimant's ability to perform substantial gainful activity. 20

C.F.R. §§ 404.1569a(d), 416.969a(d); SSR 83-14, 1983 WL 31254, at *3 (S.S.A. Jan. 1, 1983)

(quoting 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200(e)(2)).

## IV. CLAIM OF ERROR

The Court is presented with one claim of error: whether the ALJ's finding that the Plaintiff can perform "other work" is supported by substantial evidence. (Doc. 17, p. 3). Referencing the vocational grids, the Plaintiff contends that she is *per se* disabled if her past vocational skills are not transferable to new work. (Doc. 17, pp. 4-5). The Plaintiff faults the ALJ for not inquiring into whether the other work identified by the VE requires skills other than those possessed by the Plaintiff. (Doc. 17, pp. 5-7). She additionally argues that the VE's testimony that the Plaintiff would need "substantial retraining" is inconsistent with the ALJ's finding that the Plaintiff's vocational skills are transferable to other work. (Doc. 17, pp. 7-11).

## V. ANALYSIS

Substantial evidence supports the ALJ's finding that the Plaintiff can perform other work at step five in the disability determination process.

### A. Application of the Vocational Grids

In this case, the vocational grids are only used as an analytical framework for determining disability. As the Plaintiff's RFC included the ability to lift fifty pounds occasionally and twenty-five pounds occasionally (Doc. 13, p. 17), the "medium work" vocational grids are initially considered. *See* 20 C.F.R. §§ 404.1567(c), 416.967(c) (defining the medium work strength requirements); 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(e)(2).[2] Pursuant to the medium work table, an individual closely approaching advanced age with a high

---

[2] Though the "other work" identified by the VE consisted of sedentary jobs, the applicable grids are based on the strength limitations in the Plaintiff's RFC. *See Anderson*, 406 F. App'x at 36-37 & n.1 (explaining that even though the VE testified the claimant could perform sedentary jobs, the light work grids applied to the claimant).

school education like the Plaintiff is not disabled whether or not she has transferable skills. 20 C.F.R. Pt. 404, Subpt. P, App. 2, §§ 203.22-203.23.

Recognizing the effect of the Plaintiff's other exertional and nonexertional limitations on her RFC, the ALJ correctly found the Plaintiff could not perform a full range of medium work. (Doc. 13, p. 29). As the VE testified, an individual with the Plaintiff's standing and walking limitations would be limited to sedentary work. (Doc. 13, p. 89). In contrast with the medium work table, the sedentary work table classifies an individual with the Plaintiff's age and education as disabled if she has no transferable skills and not disabled if she possesses transferable skills. 20 C.F.R. Pt. 404, Subpt. P, App. 2, §§ 201.14-201.15.

Because the Plaintiff's RFC was between ranges of work, the ALJ appropriately used the vocational grids as an analytical framework and sought the assistance of a VE. *See id.* § 200.00(d); SSR 83-12, 1983 WL 31253, at *2; SSR 83-14, 1983 WL 31254, at *3; *see also Branon*, 539 F. App'x at 679-80; *Anderson*, 406 F. App'x at 35.

**B. Findings Required to Establish Transferability**

The Plaintiff claims the ALJ erred by failing to determine whether the other work found suitable for the Plaintiff required skills aside from the Plaintiff's transferable skills. (Doc. 17, pp. 5-7).

As defined by Social Security Regulation 82-41, "[t]ransferability means applying work skills which a person has demonstrated in vocationally relevant past jobs to meet the requirements of other skilled or semiskilled jobs." SSR 82-41, 1982 WL 31389, at *2 (S.S.A. Jan. 1, 1982); *see also* 20 C.F.R. §§ 404.1568(d)(1), 416.968(d)(1). There are degrees of transferability, and it is the most meaningful where (1) the same or lesser degree of skill is needed, (2) the same or similar tools or machines are used, and (3) the same or similar materials,

products, processes, or services are involved. 20 C.F.R. §§ 404.1568(d)(2)-(3), 416.968(d)(2)-(3). The Commissioner's conclusion of transferable skills need only include three findings: (1) identification of the acquired work skills; (2) occupations to which these skills are transferable; and (3) evidence that these occupations exist in significant numbers in the national economy. SSR 82-41, 1982 WL 31389, at *7.

Nowhere in the regulations is it stated that the skill requirements of other work must be identical to the claimant's transferable skills. Indeed, "[a] complete similarity of all three factors is not necessary for transferability." 20 C.F.R. §§ 404.1568(d)(3), 416.968(d)(3). In compliance with Social Security Ruling 82-41, the ALJ identified the Plaintiff's transferable skills, identified the jobs to which these skills will transfer, and provided evidence that substantial numbers of these jobs exist in the national economy. (Doc. 13, p. 28). Nothing more was required.

## C. The ALJ's Finding of Transferable Skills is Supported by Substantial Evidence

The Plaintiff's last argument fares no better. The Plaintiff claims the VE's testimony that the Plaintiff would need substantial retraining is inconsistent with the ALJ's finding that the Plaintiff can adjust to other work. (Doc. 17, pp. 7-11).

When determining whether a claimant has transferable skills, the SSA only considers skills acquired within the past fifteen years because "[a] gradual change occurs in most jobs so that after 15 years it is no longer realistic to expect that skills and abilities acquired in a job done then continue to apply." 20 C.F.R. §§ 404.1565(a), 416.965(a). Transferability of skills acquired in these fifteen years is reviewed on a spectrum, and is:

> (2) . . . most probable and meaningful among jobs in which—
>
> (i) The same or a lesser degree of skill is required;
>
> (ii) The same or similar tools and machines are used; and

9

> > (iii) The same or similar raw materials, products, processes, or services are involved.

*Id.* §§ 404.1568(d)(2)-(3), 416.968(d)(2)-(3). Complete similarity of these factors is not required. *Id.* §§ 404.1568(d)(3), 416.968(d)(3).

Where a person is of advanced age or older, and is limited to sedentary or light work the regulations limit transferability to "very little, if any, vocational adjustment." *Id.* §§ 404.1568(d)(4), 416.968(d)(4). As the Plaintiff is not of advanced age, this more stringent standard has no application in this case.

Likewise, cases cited by the Plaintiff, *Scrine v. Commissioner of Social Security*, No. 14-14841, 2016 WL 638989 (E.D. Mich. Jan. 26, 2016) and *Wolf v. Colvin*, No. 2:12-CV-208-PRC, 2013 WL 3777200 (N.D. Ind. July 18, 2013), are distinguishable as these cases concerned the step four inquiry—the claimant's ability to perform past relevant work.

The ALJ's ultimate conclusion that the Plaintiff has transferable skills which allow the Plaintiff to perform other work is supported by substantial evidence. The Plaintiff acquired transferable skills as a medical assistant, which is classified as light, skilled, SVP 6. (Doc. 13, p. 85). The VE testified that the skills were transferable to three positions which are classified as sedentary and semi-skilled. (Doc. 13, pp. 87-88). Semi-skilled jobs have an SVP of 3 or 4. SSR 00-4p, 2000 WL 1898704, at*3 (S.S.A. Dec. 4, 2000). By their very nature, these three positions require a lesser degree of skill than the Plaintiff's work as a medical assistant. *See* 20 C.F.R. §§ 404.1568(d)(2)(i), 416.968(d)(2)(i). With respect to the second and third factors, the VE identified areas in which the Plaintiff would require retraining and skills that would be retained over time. (Doc. 13, pp. 91-93). Despite the amount of retraining required, the Plaintiff's age, and the Plaintiff's education, the VE maintained that the Plaintiff's vocational skills were transferable. (Doc. 13, p. 96).

Finding the VE's testimony based on the Plaintiff's RFC, age, education, and past work experience was consistent with the Dictionary of Occupational Titles (Doc. 13, p. 29), the ALJ was entitled to rely on the VE's ultimate conclusion. *See Branon*, 539 F. App'x at 680; *Anderson*, 406 F. App'x at 35; *Kyle*, 609 F.3d at 857 (citations omitted) ("[T]his Court finds the ALJ relied on the VE's ultimate opinion that Kyle's skills were transferable, and this testimony served as substantial evidence upon which it was proper for the ALJ to rely.").

By testifying that the Plaintiff's vocational skills were transferable to three jobs permitted by the Plaintiff's RFC, age, and education, and by testifying that these jobs existed in significant numbers in the national economy, the VE provided substantial evidence that the Plaintiff could perform other work.

## VI. RECOMMENDATION

For the reasons explained above, the Magistrate Judge **RECOMMENDS** that the Plaintiff's motion for judgment on the administrative record (Doc. 16) be **DENIED** and the Commissioner's decision be **AFFIRMED**.

The parties have fourteen (14) days after being served with a copy of this R&R to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985).

**ENTERED** this 17th day of January, 2017.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge